MAR-06-2017 10:09AM   FROM-CITY OF TCHULA                1 662 235 5263        T-174   P.002   F-792

RECEIVED
MAR 03 2017
CITY OF TCHULA
BY

## IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

KAJARIUS ANDERSON;
D'VONTE PEPPERS; AVON COFFER;
AND KAMECHIE COFFER

                                                                    PLAINTIFF

v.                                          CIVIL ACTION NO.: 2017-0023

THE TOWN OF TCHULA MISSISSIPPI;
TCHULA MISSISSIPPI POLICE DEPARTMENT;
CHIEF KENNETH HAMPTON
(in his individual and official capacity); MAYOR
ZULA PATTERSON  (in her official capacity);
AND JOHN DOE DEFENDANTS 1-5                          DEFENDANTS

## COMPLAINT

COMES NOW, the Plaintiffs, Kajarius Anderson, D'vonte Peppers, Avon Coffer,

and Kamechie Coffer (also referred to as Plaintiffs) by and through counsel and pursuant

to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure, and

files this Complaint against the above named Defendants.  In support thereof, Plaintiffs

would respectfully show unto this Honorable Court the following, to-wit:

### I.

### INTRODUCTION

1.      This is a Federal Civil Rights Action brought as a result of a violation of

inter alia, the federal, civil, constitutional, and human rights of the Plaintiffs.  It is alleged

that certain Federal Statutes, to include 42 U.S.C. Sections 1983 with certain rights under

the Constitutions of the United States of America and the State of Mississippi were

violated.  In particular, Defendants violated Plaintiff's Fourth  Amendment, Eighth

Amendment, Fourteenth  Amendment, and other  rights  under  the  United  States

FILED
A.M. or P.M. 3:35
JAN 27 2017
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY Brenda Farr D.C.

EXHIBIT
A

MAR-06-2017 10:09AM   FROM-CITY OF TCHULA                1 662 235 5263        T-174  P.003    F-792

Constitution. Therefore, the Plaintiff files this action and prays for the result set forth in the following paragraphs.

2.      This is also a Civil action brought as a result of the collective violation of the Constitutional Rights of the Plaintiffs. Plaintiff's claims arise as a direct and proximate consequence of incidents that occurred in Tchula Mississippi.

## II.

## JURISDICTION AND VENUE

3.      This Honorable Court has jurisdiction and venue over the parties and this cause of action.

4.      Venue is properly established before this Court. Venue is proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

## III.

## PARTIES

5.      Plaintiffs are adult residents of Holmes County Mississippi.

6.      Defendant, Town of Tchula, Mississippi is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The county is subject to suit pursuant to 42 U.S.C. §1983, and may be served through its office in Tchula Mississippi.

7.      Defendant Tchula Police Department is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The police department is subject to suit pursuant to 42 U.S.C. §1983, and may be served through its Chief of Police office in Tchula Mississippi.

RECEIVED

MAR 0 6 2017

MS MUNICIPAL SERVICE COMPANY

2

8.      Defendant Chief Kenneth Hampton is an adult resident citizen of Holmes County, Mississippi and may be served with process at the Tchula Police Department in Tchula Mississippi.

9.      Defendant Zula Patterson is an adult resident of Holmes County, Mississippi and may be served with process at the Mayor's office in Tchula Mississippi.

10.     Doe Defendants 1-5 are the other as-yet unidentified individuals who were employed by or agents of the named Defendants herein and who participated in the acts giving rise to the causes of action contained herein. Plaintiff investigated the identity of said individuals, but are currently unable to identify said persons without discovery.

## IV.

## FACTS

11.     On or about June of 2016, Chief Hampton made the warrantless arrest of Kajarius Anderson, D'vonte Peppers, Avon Coffer, and Kamechie Coffer (Also referred to as Plaintiffs). Chief Hampton charged Plaintiffs with the murder of Clarence Blue.



12.     The arrests were warrantless.  Chief Hampton did not have an arrest warrant or sufficient probable cause to make the arrest.  Further, neither Chief Hampton, any law enforcement agent, or any person witnessed any crime committed against Mr. Blue.

13.     Further, there was substantial evidence supporting the fact that Mr. Blue was not murdered.  Evidence showed Mr. Blue died from natural causes.

14.     On the date of the alleged incident, Officer Hoover of the Tchula Police Department and Deputy Kenny Wilson of the Holmes County Sherriff's Department arrived at Mr. Blue's residence to assist Mr. Blue.  Once on the scene Mr. Blue told these

3

MAR-06-2017 10:09AM   FROM-CITY OF TCHULA          1 662 235 5263       T-174  P.005/013  F-792

officers he fell out of his truck and hit his head. Mr. Blue told the officers no one assaulted him or robbed him. These officers reported that there was no evidence of a crime against Mr. Blue. The officers called an ambulance for Mr. Blue to treat the injuries he sustained from falling out of his truck. Mr. Blue was transported to the hospital. Mr. Blue told his medical providers that he injured himself by falling out of his truck. Mr. Blue's medical records state that Mr. Blue had no signs of trauma or assault. Mr. Blue died in the hospital. After Mr. Blue's death an autopsy was conducted. The autopsy stated Mr. Blue died from natural causes. Further, Mr. Blue's death certificate states he died from natural causes and he did not die from any trauma.

15.    Chief Hampton was aware of the overwhelming evidence supporting the fact that Mr. Blue was not murdered. However, Chief Hampton arrested Plaintiffs without an arrest warrant and without a witness to any crime.

16.    After arresting Plaintiffs, Chief Hampton took extra steps to embarrass Plaintiffs. Chief Hampton posted pictures of the arrest on Facebook. Further, Chief Hampton made several derogatory and untruthful comments about Plaintiffs on Facebook.

17.    Mr. Peppers had a preliminary hearing on the murder charge. The above mentioned evidence was presented to the court. The evidence was so overwhelming the court ruled that there was no probable cause for a crime and dismissed all charges against Mr. Peppers and the other Plaintiffs.

18.    Chief Hampton acted under color of law to deprive Plaintiffs of their Constitutionally protected rights. These deprivation of rights will be discussed in greater detain under the allegation portion of this Complaint.

RECEIVED

MAR 0 6 2017

MS MUNICIPAL SERVICE COMPANY

4

19.     The City of Tchula failed to implement appropriate policies, customs, and practices when they hired Chief Hampton to be the Chief of Police. Upon information and belief Chief Hampton has a prior criminal history including felony drug possession. Also, upon information and belief, Chief Hampton is not qualified to be a police officer, let alone Chief of Police. Further, the City was aware of Chief Hampton's inappropriate practices of making warrantless arrest, boasting of warrantless arrest on Facebook, operating outside of his jurisdiction, and prior criminal history.

20.     As a direct and proximate result of Defendants abuse of power under color of law, Plaintiffs were deprived of various constitutional rights. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered the following injuries and damages:

   a.   Violation of his Constitutional Rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, and equal protection under the laws;

   b.   Loss of his physical liberty;

   c.   Intentional, offensive contact with his body.

   d.   False arrest

21.     Plaintiffs' deprivation of their Constitutional Rights caused Plaintiffs to suffer substantial damages. Plaintiffs suffered cruel and unusual punishment for being arrested without a search warrant and without probable cause. Plaintiffs will permanently have an arrest for murder on their arrest record. Mr. Anderson was arrested while attending Mississippi Valley State University. Mr. Anderson was forced to resign from



RECEIVED
MAR 0 3 2017
MS MUNICIPAL SERVICE COMPANY

school as a result of this warrantless arrest.  As a result, Mr. Anderson will suffer life long damages.

22.   At all relevant times, Defendants were acting under color of law and under color of authority as police officers, deputies, employees, and agents of the City of Tchula Mississippi, The Tchula Police Department and as agents of the State of Mississippi.

## V.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (General Allegations)

23.   Plaintiffs re-allege and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

24.   In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Constitution of the United States.

25.   At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

26.   Consequently, while acting under the color of the law, Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of Plaintiffs were violated.  Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Plaintiffs, thus, causing damages.  As a direct and proximate consequence



6

MAR-06-2017  10:10AM   FROM-CITY OF TCHULA                    1 662 235 5263           T-174  P.006/013  F-792

of the Defendants' actions, Plaintiffs were deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

27.    In light of the circumstances confronted by Defendants, a deprivation of rights resulted that were sufficiently serious wherein the Defendant, Kenneth Hampton acted maliciously and sadistically by using force, imprisonment and physical violence designed and intended to cause Plaintiffs physical, mental, economic, and emotional harm, pain, humiliation, and/or injury.  Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Plaintiffs was left in.

28.    As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

29.    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

30.    Plaintiffs re-allege and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

31.    Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing the illegal seizure and false imprisonment of Plaintiffs.    Defendants failed to implement appropriate policies, customs, and practices.

RECEIVED

MAR 0 6 2017

MS MUNICIPAL SERVICE COMPANY

7

MAR-06-2017 10:10AM   FROM-CITY OF TCHULA                    1 662 235 5263        T-174  P.008/013  F-792

32.    The failure of Defendants to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of Plaintiffs to be free from illegal seizures, excessive force, false imprisonment, cruel and unusual punishment among other things, under the Constitution of the United States.

33.    Upon information and belief Defendants have a custom of allowing similar actions of this nature.  Defendants have a history of allowing similar conduct from their officers.  Defendants have not taken the proper action to stop incidents of this nature.

34.    Upon information and belief the City's hiring of Chief Hampton was a failure to implement appropriate policy, custom, and practice.  Upon information and belief Chief Hampton has a prior criminal history.  Also, Chief Hampton was not qualified to be a police officer, let alone the Chief of Police.

35.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights.  Thus, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
### TITLE 42 U.S.C. §1983
#### (Refusing or Neglecting to Prevent)

36.    Plaintiffs re-allege and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

37.    At all times relevant to this Complaint, Defendants Deputies/Officers acted as agents of the City of Bolivar County Sheriff's Department and were acting under the direction and control of the City of Bolivar County Sheriff's Department.

8

MS MUNICIPAL SERVICE COMPANY

38.    Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant deputies/officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c) otherwise depriving Plaintiffs of his constitutional and statutory rights, privileges, and immunities.

39.    Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

40.    Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

41.    As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiffs suffered physical injury and loss of life in connection with the deprivation of his constitutional and statutory rights guaranteed by



RECEIVED
MAR 8 6 2017
MS MUNICIPAL SERVICE COMPANY

9

MAR-06-2017 10:10AM   FROM-CITY OF TCHULA                    1 662 235 5269              T-174  P.011/013  F-792

the Fourth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Intervene)

42.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

43.     At all times material hereto, Defendant John Doe had a duty to intervene while witnessing a deprivation of certain constitutionally protected rights under the Constitution of the United States.

44.     At all times material hereto, Defendants were deemed with the responsibility and authority of intervening while other officers assaulted and arrested the unarmed Plaintiff without probable cause or justification.

45.     Consequently, Defendants breached the duty owed to Plaintiffs. Defendants' breach was the proximate cause of the injuries and damages sustained by the Plaintiff.

### VI.

### DAMAGES

46.     Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

47.     Wherefore the Plaintiff, Latauma Hill, individually and on behalf of the heirs at law and wrongful death beneficiaries of Willie Bingham, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of Willie Bingham, prays for judgment against Defendants, as follows:

1.     For damages to be determined by the jury, in an amount exceeding the



10

MS MUNICIPAL SERVICE COMPANY

jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

2.      For all general and special damages caused by the alleged conduct of Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

5.      For all other relief to which Plaintiff asserts are entitled by Mississippi and Federal law.

48.      Plaintiff reserve the right to amend and state further with respect to their damages.

## VII.

## PUNITIVE DAMAGES

49.      Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

50.      Pursuant to Miss. Code Ann. § 11-1-65 and Title 42 U.S.C. §1983, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## VIII.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15



RECEIVED

MS MUNICIPAL SERVICE COMPANY

11

51.   Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserves the right to name additional Defendants should later facts establish that others are liable herein.

## IX.

### JURY TRIAL DEMANDED

52.   Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

**RESPECTFULLY SUBMITTED** this the _27_ day of January 2017.

KAJARIUS ANDERSON;
D'VONTE PEPPERS; AVON COFFER;
AND KAMECHIE COFFER

BY: _____
       Dennis C. Sweet, IV

Of Counsel:
Dennis C. Sweet, III (MSB#8105)
Dennis C. Sweet, IV (MSB #103009)
SWEET & ASSOCIATES
158 E. Pascagoula Street
Jackson, MS 39201
PH. (601)965-8700
FX. (601)965-8719

FILED 3:35
A.M. or P.M.)

JAN 27 2017

EARLINE WRIGHT-HART, CIRCUIT CLERK
BY_____ D.C.

12

IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI


KAJARIUS ANDERSON;
D.ᵉ VONTE PEPPERS; AVON COFFER;
AND KAMECHIE COFFER

**PLAINTIFF (S)**

VS.                                    CIVIL NO.      2017-0023

THE TOWN OF TCHULA MISSISSIPPI:
TCHULA MISSISSIPPI POLICE DEPARTMENT;       **DEFENDANT (S)**
CHIEF KENNETH HAMPTON
(in his individual and offical capacity); MAYOR
ZULA PATTERSON(in her offical capacity);
AND JOHN DOE DEFENDANTS 1-5**CERTIFICATION**


I, Earline Wright Hart, Clerk of the Circuit Court of
Holmes County, Mississippi, do hereby certify that the following
pleadings are copies of the original documents filed in the above
styled and numbered cause.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this the ___8th___ day
of ___MARCH___ ___2017___ .


                         **EARLINE WRIGHT HART, CIRCUIT CLERK**
                         **HOLMES COUNTY, MISSISSIPPI**

                         BY:_____ D.C.



**EXHIBIT**

tabbies

**B**

### IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

KAJARIUS ANDERSON;
D'VONTE PEPPERS; AVON COFFER;
AND KAMECHIE COFFER                                       **PLAINTIFF**

v.                                    CIVIL ACTION NO.: $2017-0023$

THE TOWN OF TCHULA MISSISSIPPI;
TCHULA MISSISSIPPI POLICE DEPARTMENT;
CHIEF KENNETH HAMPTON
(in his individual and official capacity); MAYOR
ZULA PATTERSON  (In her official capacity);
AND JOHN DOE DEFENDANTS 1-5                              **DEFENDANTS**

---

### COMPLAINT

---

COMES NOW, the Plaintiffs, Kajarius Anderson, D'vonte Peppers, Avon Coffer, and Kamechie Coffer (also referred to as Plaintiffs) by and through counsel and pursuant to the laws of the State of Mississippi and the Mississippi Rules of Civil Procedure, and files this Complaint against the above named Defendants.  In support thereof, Plaintiffs would respectfully show unto this Honorable Court the following, to-wit:

### I.

### INTRODUCTION

1.      This is a Federal Civil Rights Action brought as a result of a violation of inter alia, the federal, civil, constitutional, and human rights of the Plaintiffs.  It is alleged that certain Federal Statutes, to include 42 U.S.C. Sections 1983 with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated.   In particular, Defendants violated Plaintiff's Fourth Amendment, Eighth Amendment, Fourteenth Amendment, and other rights under the United States

**FILED**
A.M. or P.M.) 3:35
JAN 2 7 2017
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY Brenda Tray D.C.

Constitution. Therefore, the Plaintiff files this action and prays for the result set forth in the following paragraphs.

2.      This is also a Civil action brought as a result of the collective violation of the Constitutional Rights of the Plaintiffs. Plaintiff's claims arise as a direct and proximate consequence of incidents that occurred in Tchula Mississippi.

## II.

## JURISDICTION AND VENUE

3.      This Honorable Court has jurisdiction and venue over the parties and this cause of action.

4.      Venue is properly established before this Court. Venue is proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

## III.

## PARTIES

5.      Plaintiffs are adult residents of Holmes County Mississippi.

6.      Defendant, Town of Tchula, Mississippi is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The county is subject to suit pursuant to 42 U.S.C. §1983, and may be served through its office in Tchula Mississippi.

7.      Defendant Tchula Police Department is an entity organized and existing under and by virtue of the laws of the State of Mississippi. The police department is subject to suit pursuant to 42 U.S.C. §1983, and may be served through its Chief of Police office in Tchula Mississippi.

2

8.      Defendant Chief Kenneth Hampton is an adult resident citizen of Holmes County, Mississippi and may be served with process at the Tchula Police Department in Tchula Mississippi.

9.      Defendant Zula Patterson is an adult resident of Holmes County, Mississippi and may be served with process at the Mayor's office in Tchula Mississippi.

10.     Doe Defendants 1-5 are the other as-yet unidentified individuals who were employed by or agents of the named Defendants herein and who participated in the acts giving rise to the causes of action contained herein.  Plaintiff investigated the identity of said individuals, but are currently unable to identify said persons without discovery.

## IV.

## FACTS

11.     On or about June of 2016, Chief Hampton made the warrantless arrest of Kajarius Anderson, D'vonte Peppers, Avon Coffer, and Kamechie Coffer (Also referred to as Plaintiffs).  Chief Hampton charged Plaintiffs with the murder of Clarence Blue.

12.     The arrests were warrantless.  Chief Hampton did not have an arrest warrant or sufficient probable cause to make the arrest.  Further, neither Chief Hampton, any law enforcement agent, or any person witnessed any crime committed against Mr. Blue.

13.     Further, there was substantial evidence supporting the fact that Mr. Blue was not murdered.  Evidence showed Mr. Blue died from natural causes.

14.     On the date of the alleged incident, Officer Hoover of the Tchula Police Department and Deputy Kenny Wilson of the Holmes County Sherriff's Department arrived at Mr. Blue's residence to assist Mr. Blue.   Once on the scene Mr. Blue told these

officers he fell out of his truck and hit his head. Mr. Blue told the officers no one assaulted him or robbed him. These officers reported that there was no evidence of a crime against Mr. Blue. The officers called an ambulance for Mr. Blue to treat the injuries he sustained from falling out of his truck. Mr. Blue was transported to the hospital. Mr. Blue told his medical providers that he injured himself by falling out of his truck. Mr. Blue's medical records state that Mr. Blue had no signs of trauma or assault. Mr. Blue died in the hospital. After Mr. Blue's death an autopsy was conducted. The autopsy stated Mr. Blue died from natural causes. Further, Mr. Blue's death certificate states he died from natural causes and he did not die from any trauma.

15.     Chief Hampton was aware of the overwhelming evidence supporting the fact that Mr. Blue was not murdered. However, Chief Hampton arrested Plaintiffs without an arrest warrant and without a witness to any crime.

16.     After arresting Plaintiffs, Chief Hampton took extra steps to embarrass Plaintiffs. Chief Hampton posted pictures of the arrest on Facebook. Further, Chief Hampton made several derogatory and untruthful comments about Plaintiffs on Facebook.

17.     Mr. Peppers had a preliminary hearing on the murder charge. The above mentioned evidence was presented to the court. The evidence was so overwhelming the court ruled that there was no probable cause for a crime and dismissed all charges against Mr. Peppers and the other Plaintiffs.

18.     Chief Hampton acted under color of law to deprive Plaintiffs of their Constitutionally protected rights. These deprivation of rights will be discussed in greater detain under the allegation portion of this Complaint.

19.     The City of Tchula failed to implement appropriate policies, customs, and practices when they hired Chief Hampton to be the Chief of Police.  Upon information and belief Chief Hampton has a prior criminal history including felony drug possession. Also, upon information and belief, Chief Hampton is not qualified to be a police officer, let alone Chief of Police.  Further, the City was aware of Chief Hampton's inappropriate practices of making warrantless arrest, boasting of warrantless arrest on Facebook, operating outside of his jurisdiction, and prior criminal history.

20.     As a direct and proximate result of Defendants abuse of power under color of law, Plaintiffs were deprived of various constitutional rights.   As a direct and proximate result of the acts of Defendants, Plaintiffs suffered the following injuries and damages:

   a.  Violation of his Constitutional Rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, and equal protection under the laws;

   b.  Loss of his physical liberty;

   c.  Intentional, offensive contact with his body.

   d.  False arrest

21.     Plaintiffs' deprivation of their Constitutional Rights caused Plaintiffs to suffer substantial damages.  Plaintiffs suffered cruel and unusual punishment for being arrested without a search warrant and without probable cause.  Plaintiffs will permanently have an arrest for murder on their arrest record.  Mr. Anderson was arrested while attending Mississippi Valley State University.  Mr. Anderson was forced to resign from

school as a result of this warrantless arrest. As a result, Mr. Anderson will suffer life long damages.

22.     At all relevant times, Defendants were acting under color of law and under color of authority as police officers, deputies, employees, and agents of the City of Tchula Mississippi, The Tchula Police Department and as agents of the State of Mississippi.

### V.

### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (General Allegations)

23.     Plaintiffs re-allege and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

24.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Constitution of the United States.

25.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

26.     Consequently, while acting under the color of the law, Defendants commenced to implement a custom usage of procedure wherein the rights, privileges, or immunities of Plaintiffs were violated. Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Plaintiffs, thus, causing damages. As a direct and proximate consequence

of the Defendants' actions, Plaintiffs were deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

27.     In light of the circumstances confronted by Defendants, a deprivation of rights resulted that were sufficiently serious wherein the Defendant, Kenneth Hampton acted maliciously and sadistically by using force, imprisonment and physical violence designed and intended to cause Plaintiffs physical, mental, economic, and emotional harm, pain, humiliation, and/or injury.   Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Plaintiffs was left in.

28.     As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

29.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## VIOLATION OF CIVIL RIGHTS PURSUANT TO
## TITLE 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

30.     Plaintiffs re-allege and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

31.     Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing the illegal seizure and false imprisonment of Plaintiffs.      Defendants failed to implement appropriate policies, customs, and practices.

32.     The failure of Defendants to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of Plaintiffs to be free from illegal seizures, excessive force, false imprisonment, cruel and unusual punishment among other things, under the Constitution of the United States.

33.     Upon information and belief Defendants have a custom of allowing similar actions of this nature.  Defendants have a history of allowing similar conduct from their officers.  Defendants have not taken the proper action to stop incidents of this nature.

34.     Upon information and belief the City's hiring of Chief Hampton was a failure to implement appropriate policy, custom, and practice.  Upon information and belief Chief Hampton has a prior criminal history.  Also, Chief Hampton was not qualified to be a police officer, let alone the Chief of Police.

35.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights.  Thus, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under **42 U.S.C. §1983.**

**VIOLATION OF CIVIL RIGHTS PURSUANT TO**
**TITLE 42 U.S.C. §1983**
**(Refusing or Neglecting to Prevent)**

36.     Plaintiffs re-allege and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

37.     At all times relevant to this Complaint, Defendants Deputies/Officers acted as agents of the City of Bolivar County Sheriff's Department and were acting under the direction and control of the City of Bolivar County Sheriff's Department.

38.     Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant deputies/officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c) otherwise depriving Plaintiffs of his constitutional and statutory rights, privileges, and immunities.

39.     Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

40.     Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

41.     As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiffs suffered physical injury and loss of life in connection with the deprivation of his constitutional and statutory rights guaranteed by

9

the Fourth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Intervene)

42.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

43.     At all times material hereto, Defendant John Doe had a duty to intervene while witnessing a deprivation of certain constitutionally protected rights under the Constitution of the United States.

44.     At all times material hereto, Defendants were deemed with the responsibility and authority of intervening while other officers assaulted and arrested the unarmed Plaintiff without probable cause or justification.

45.     Consequently, Defendants breached the duty owed to Plaintiffs. Defendants' breach was the proximate cause of the injuries and damages sustained by the Plaintiff.

## VI.

## DAMAGES

46.     Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

47.     Wherefore the Plaintiff, Latauna Hill, individually and on behalf of the heirs at law and wrongful death beneficiaries of Willie Bingham, and for the use and benefit of the Estate and for the use and benefit of the wrongful death beneficiaries of Willie Bingham, prays for judgment against Defendants, as follows:

1.     For damages to be determined by the jury, in an amount exceeding the

jurisdictional amount of this Court, and adequate to compensate Plaintiff for all the injuries and damage sustained;

2.      For all general and special damages caused by the alleged conduct of Defendants;

3.      For the costs of litigating this case;

4.      For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants from ever repeating such atrocities; and

5.      For all other relief to which Plaintiff asserts are entitled by Mississippi and Federal law.

48.      Plaintiff reserve the right to amend and state further with respect to their damages.

## VII.

## PUNITIVE DAMAGES

49.      Plaintiff re-alleges and incorporates herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

50.      Pursuant to Miss. Code Ann. § 11-1-65 and Title 42 U.S.C. **§1983**, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## VIII.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

51.     Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserves the right to name additional Defendants should later facts establish that others are liable herein.

## IX.

## JURY TRIAL DEMANDED

52.     Plaintiff demands a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants attorney's fees and the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

**RESPECTFULLY SUBMITTED** this the _27_ day of January 2017.

KAJARIUS ANDERSON;
D'VONTE PEPPERS; AVON COFFER;
AND KAMECHIE COFFER

BY:_____
        Dennis C. Sweet, IV

Of Counsel:
Dennis C. Sweet, III (MSB#8105)
Dennis C. Sweet, IV (MSB #103009)
SWEET & ASSOCIATES
158 E. Pascagoula Street
Jackson, MS 39201
PH. (601)965-8700
FX. (601)965-8719

**FILED** 3:35
A.M. or P.M.

JAN 27 2017

EARLINE WRIGHT-HART, CIRCUIT CLERK
BY_____D.C.

12

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Revised 1/1/2001)

Court Identification
Docket Number

`2 6 / C / ___`
County #   Judicial   Court ID
District   (CH, CI, CO)

`0 / 3 / 7 / 7`
Month   Date   Year
This area to be completed by clerk

Case Year `2 0 / 7`

Docket Number `0 0 0 2 3`
`0 3 D`
Local Docket ID

Case Number if filed prior to 1/1/94

IN THE **CIRCUIT**          COURT OF **HOLMES**          COUNTY
Short Style of Case: **KAJARIUS ANDERSON, ET AL VS. THE TOWN OF TCHULA, ET AL**
Party Filing Initial Pleading: Type/Print Name _____    MS Bar No. **103009**
____Check (✓) if Not an Attorney    ____Check (✓) if *Pro Hac Vice*    Signature _____
Compensatory Damages Sought: $ _____    Punitive Damages Sought: $ _____
*Is Child Support contemplated as an issue in this suit?*    ____Yes  ✓ No    If "yes" is checked, please submit a completed Child Support
Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual _____  _____  ( _____  _____ )  _____  _____
          Last Name           First Name            Maiden Name, if Applicable    Middle Init.   Jr/Sr/II/IV
    Address of Plaintiff
____Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____
____Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
    D/B/A / Agency _____
Business _____
          Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated
____Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
    D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual _____  _____  ( _____  _____ )  _____  _____
          Last Name           First Name            Maiden Name, if Applicable    Middle Init.   Jr/Sr/II/IV
____Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____
____Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
    D/B/A / Agency _____
Business _____
          Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated
____Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
    D/B/A: _____
ATTORNEY FOR THIS DEFENDANT: _____ Bar No. ____  or  Name: _____    *Pro Hac Vice* (✓) ____
    (if known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- Accounting (Business)
- Bankruptcy
- Business Dissolution - Corporation
- Business Dissolution - Partnership
- Debt Collection
- Employment
- Examination of Debtor
- Execution
- Foreign Judgment
- Garnishment
- Pension
- Receivership
- Replevin
- Stockholder Suit
- Other

**Domestic Relations**
- Child Custody/Visitation
- Child Support
- Contempt
- Divorce: Fault
- Divorce: Irreconcilable Differences
- Domestic Abuse
- Emancipation
- Modification
- Paternity
- Property Division
- Separate Maintenance
- Termination of Parental Rights
- UIFSA (formerly URESA)
- Other

**Contract**
- Breach of Contract
- Installment Contract
- Insurance
- Product Liability under Contract
- Specific Performance
- Other

**Probate**
- Accounting (Probate)
- Birth Certificate Correction
- Commitment
- Conservatorship
- Guardianship
- Heirship
- Intestate Estate
- Minor's Settlement
- Muniment of Title
- Name Change
- Power of Attorney
- Testate Estate
- Will Contest
- Other

**Statutes/Rules**
- Bond Validation
- Civil Forfeiture
- Declaratory Judgment
- ERISA
- Eminent Domain
- Extraordinary Writ
- Federal Statutes
- Injunction or Restraining Order
- Municipal Annexation
- Racketeering (RICO)
- Railroad
- Seaman
- Other

**Appeals**
- Administrative Agency
- County Court
- Hardship Petition (Driver License)
- Justice Court
- MS Employmt Security Comm'n
- Municipal Court
- Oil & Gas Board
- Workers' Compensation
- Other

**Children and Minors - Non-Domestic**
- Adoption - Noncontested
- Consent to Abortion for Minor
- Removal of Minority
- Other

**Torts-Personal Injury**
- Bad Faith
- Fraud
- Loss of Consortium
- Malpractice - Legal
- Malpractice - Medical
- Negligence - General
- Negligence - Motor Vehicle
- Products Liability
- Wrongful Death
- Other

**Mass Tort**
- Asbestos
- Chemical Spill
- Dioxin
- Hand/Arm Vibration
- Hearing Loss
- Radioactive Materials
- Other

**Real Property**
- Adverse Possession
- Ejectment
- Eminent Domain
- Judicial Foreclosure
- Lien Assertion
- Partition
- Receiver Appointment
- Tax Sale: Confirmation/Cancellation
- Title, Boundary &/or Easement
- Other

**Civil Rights**
- Elections
- Habeas Corpus
- Post Conviction Relief
- Prisoner
- ✓ Other **VIOLATION OF CIVIL RIGHTS**

## IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

**KAJARIUS ANDERSON;**
**D'VONTE PEPPERS; AVON COFFER;**
**AND KAMECHIE COFFER**                                         **PLAINTIFF**

v.                                              CIVIL ACTION NO.: 2017-0023

**THE TOWN OF TCHULA MISSISSIPPI;**
**TCHULA MISSISSIPPI POLICE DEPARTMENT;**
**CHIEF KENNETH HAMPTON**
**(in his individual and official capacity); MAYOR**
**ZULA PATTERSON  (In her official capacity);**
**AND JOHN DOE DEFENDANTS 1-5**                              **DEFENDANTS**
                            **SUMMONS**

**THE STATE OF MISSISSIPPI**

TO:     Town of Tchula
        Tchula, MS

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of your written response to the Complaint
to Attorney Dennis C. Sweet, III, the attorney for the Plaintiff, whose street address is 158 E.
Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within
thirty (30) days from the date of delivery of this summons and complaint or a judgment by default
will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

Issued under my hand and the seal of the Court, this the ___31st___ day of
___January___ 2017.

(Seal)

                                    EARLINE WRIGHT HART, CIRCUIT CLERK
                                    HOLMES COUNTY, MISSISSIPPI

                                    BY: _Robenteen S. Momun D Ce_

Of Counsel:

Dennis C. Sweet, III, MSB# 8105
Dennis C. Sweet, IV, MSB# 103009
SWEET & ASSOCIATES

158 E. Pascagoula Street
Jackson, MS  39201
Post Office Box 1178
Jackson, Mississippi 39215
Telephone: (601) 965-8700
Facsimile: (601) 965-8719

PROOF OF SERVICE-SUMMONS

TO:

_____

_____

I, the undersigned process server, served the summons, complaint and discovery on the _____ day of _____, 2004, upon the person or entity named above or _____ in the manner.        At the time of service I was at least 18 years of age and not a party to this action.

_____
Process Server

State of Mississippi
County of Hinds

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the maters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____
Process Server

Sworn    to    and    subscribed    before    me    this    the    _____    day    of _____, 2004

_____
Notary Public

My Commission Expires:

_____

## IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

**KAJARIUS ANDERSON;**
**D'VONTE PEPPERS; AVON COFFER;**
**AND KAMECHIE COFFER**                                    **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.:**

**THE TOWN OF TCHULA MISSISSIPPI;**
**TCHULA MISSISSIPPI POLICE DEPARTMENT;**
**CHIEF KENNETH HAMPTON**
**(in his individual and official capacity); MAYOR**
**ZULA PATTERSON  (In her official capacity);**
**AND JOHN DOE DEFENDANTS 1-5**                            **DEFENDANTS**
                         **SUMMONS**

**THE STATE OF MISSISSIPPI**

TO:     Tchula Police Department
        Attn: Chief of Police Tchula Police Department
        Tchula, MS

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of your written response to the Complaint
to Attorney Dennis C. Sweet, III, the attorney for the Plaintiff, whose street address is 158 E.
Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within
thirty (30) days from the date of delivery of this summons and complaint or a judgment by default
will be entered against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

        Issued under my hand and the seal of the Court, this the ___3/_st___ day of
_January_ 2017.

(Seal)

                              EARLINE WRIGHT HART, CIRCUIT CLERK
                              HOLMES COUNTY, MISSISSIPPI

                              BY: _Kahjulda   Salmen   D. C._

Of Counsel:

Dennis C. Sweet, III, MSB# 8105
Dennis C. Sweet, IV, MSB# 103009

## PROOF OF SERVICE-SUMMONS

TO:

_____

_____

I, the undersigned process server, served the summons, complaint and discovery on the _____ day of _____, 2004, upon the person or entity named above or _____ in the manner.         At the time of service I was at least 18 years of age and not a party to this action.

_____

Process Server

State of Mississippi
County of Hinds

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the maters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____

Process Server

Sworn   to   and   subscribed   before   me   this   the   _____   day   of _____, 2004

_____

Notary Public

My Commission Expires:

_____

## IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

KAJARIUS ANDERSON;
D'VONTE PEPPERS; AVON COFFER;
AND KAMECHIE COFFER                                         **PLAINTIFF**

v.                                               **CIVIL ACTION NO.:**

THE TOWN OF TCHULA MISSISSIPPI;
TCHULA MISSISSIPPI POLICE DEPARTMENT;
CHIEF KENNETH HAMPTON
(in his individual and official capacity); MAYOR
ZULA PATTERSON (In her official capacity);
AND JOHN DOE DEFENDANTS 1-5                                 **DEFENDANTS**
                         **SUMMONS**

THE STATE OF MISSISSIPPI

TO:     Zula Patterson
        Mayor City of Tchula
        Tchula, MS

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of your written response to the Complaint
to Attorney Dennis C. Sweet, III, the attorney for the Plaintiff, whose street address is 158 E.
Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within
thirty (30) days from the date of delivery of this summons and complaint or a judgment by default
will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

Issued under my hand and the seal of the Court, this the _____31st_____ day of
_Ganuary_ 2017.

(Seal)

                                    EARLINE WRIGHT HART, CIRCUIT CLERK
                                    HOLMES COUNTY, MISSISSIPPI

                                    BY: _Robquila Shaman D. Co_

Of Counsel:

Dennis C. Sweet, III, MSB# 8105
Dennis C. Sweet, IV, MSB# 103009

SWEET & ASSOCIATES
158 E. Pascagoula Street
Jackson, MS  39201
Post Office Box 1178
Jackson, Mississippi 39215
Telephone: (601) 965-8700
Facsimile: (601) 965-8719

## PROOF OF SERVICE-SUMMONS

TO:

_____

_____

I, the undersigned process server, served the summons, complaint and discovery on the _____ day of _____, 2004, upon the person or entity named above or _____ in the manner.        At the time of service I was at least 18 years of age and not a party to this action.


_____
Process Server

State of Mississippi
County of Hinds

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the maters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.


_____
Process Server

Sworn    to    and    subscribed    before    me    this    the    _____    day    of _____, 2004


_____
Notary Public

My Commission Expires:

_____

## IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

**KAJARIUS ANDERSON;**
**D'VONTE PEPPERS; AVON COFFER;**
**AND KAMECHIE COFFER**                                        **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO.:**

**THE TOWN OF TCHULA MISSISSIPPI;**
**TCHULA MISSISSIPPI POLICE DEPARTMENT;**
**CHIEF KENNETH HAMPTON**
**(in his individual and official capacity); MAYOR**
**ZULA PATTERSON  (In her official capacity);**
**AND JOHN DOE DEFENDANTS 1-5**                    **DEFENDANTS**
                          **SUMMONS**

**THE STATE OF MISSISSIPPI**

TO:     Chief Kenneth Hampton
        Tchula Police Department
        Tchula, MS

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of your written response to the Complaint
to Attorney Dennis C. Sweet, III, the attorney for the Plaintiff, whose street address is 158 E.
Pascagoula Street, Jackson, Mississippi 39201. Your response must be mailed or delivered within
thirty (30) days from the date of delivery of this summons and complaint or a judgment by default
will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

Issued under my hand and the seal of the Court, this the _31st_ day of
_January_ 2017.

(Seal)                                    EARLINE WRIGHT HART, CIRCUIT CLERK
                                          HOLMES COUNTY, MISSISSIPPI

                                          BY: _Robbiealla Solomon D. C._

Of Counsel:

Dennis C. Sweet, III, MSB# 8105
Dennis C. Sweet, IV, MSB# 103009

## PROOF OF SERVICE-SUMMONS

TO:

_____

_____

I, the undersigned process server, served the summons, complaint and discovery on the _____ day of _____, 2004, upon the person or entity named above or _____ in the manner.        At the time of service I was at least 18 years of age and not a party to this action.

_____

Process Server

State of Mississippi
County of Hinds

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the maters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

_____

Process Server

Sworn    to    and    subscribed    before    me    this    the    _____    day    of _____, 2004

_____

Notary Public

My Commission Expires:

_____

IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

KAJARIUS ANDERSON; D'VONTE PEPPERS;
AVON COFFER; AND KAMECHIE COFFER                                     **PLAINTIFF**

VS.                                                          CIVIL ACTION NO. 2017-0023

THE TOWN OF TCHULA, MISSISSIPPI;
TCHULA MISSISSIPPI POLICE
DEPARTMENT; CHIEF KENNETH
HAMPTON (IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY); MAYOR ZULA
PATTERSON (IN HER OFFICIAL
CAPACITY); AND JOHN DOE DEFENDANTS
1-5                                                                 **DEFENDANTS**

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   Dennis C. Sweet, III.
      Dennis C. Sweet, IV.
      SWEET & ASSOCIATES
      158 E. Pascagoula Street
      Jackson MS 39201

      *Attorneys for Plaintiff*

Defendants, the Town of Tchula, Mississippi, Tchula Mississippi Police Department, Chief Kenneth Hampton, in his individual and official capacity, and Mayor Zula Patterson, in her official capacity, (hereinafter collectively referred to as "Defendants"), hereby give notice that on March 13, 2017 a Notice of Removal of this action was conventionally filed in the United States District Court for the Southern District of Mississippi, Northern Division.  A true and correct copy of the Notice of Removal is attached hereto as *"Exhibit A."*



THIS, the 13th day of March, 2017.

Respectfully submitted,

BY:

Gary E. Friedman, MB #5532
Mark Fijman, MB #99153
**PHELPS DUNBAR, LLP**
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777

**ATTORNEY FOR DEFENDANTS, THE
TOWN OF TCHULA, MISSISSIPPI, TCHULA
MISSISSIPPI POLICE DEPARTMENT,
CHIEF KENNETH HAMPTON, AND
MAYOR ZULA PATTERSON**

2

## CERTIFICATE OF SERVICE

I, JASON T. MARSH, do hereby certify that I have this date mailed through the United

States Postal Service, postage prepaid, a true and correct copy of the above and foregoing

*NOTICE OF FILING NOTICE OF REMOVAL* to the following counsel of record:

Dennis C. Sweet, III., Esquire
Dennis C. Sweet, IV., Esquire
SWEET & ASSOCIATES
158 E. Pascagoula Street
Jackson MS 39201
(601) 965-8700

*ATTORNEYS FOR PLAINTIFFS*

Honorable Jannie M. Lewis
Holmes County Circuit Court
P.O. Box 149
Lexington MS 39095

*HOLMES COUNTY CIRCUIT COURT JUDGE*

SO CERTIFIED, this the 13th day of March, 2017.

MARK FIJMAN